## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KAWALJEET K. TAGORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, FEDERAL PROTECTIVE | ) |
| SERVICE; U.S. DEPARTMENT OF THE | )   Case No. 4:09-CV-00027 |
| TREASURY; INTERNAL REVENUE | ) |
| SERVICE; JANET NAPOLITANO, | ) |
| Secretary of the U.S. Department of | ) |
| Homeland Security; TIMOTHY F. | ) |
| GEITHNER, Secretary of the Treasury; | ) |
| WILLIAM A. CARMODY, III; DAVID | ) |
| HIEBERT; CHRISTINA NAVARETE- | ) |
| WASSON; SERGIO ARELLANO; JAMES | ) |
| K. ELLIS; NIEVES NARVAEZ; and | ) |
| DOES 1-25, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## FEDERAL DEFENDANTS' PARTIAL MOTION TO DISMISS

Defendants The United States of America, U.S. Department of Homeland Security,

Federal Protective Service, U.S. Department of the Treasury, Internal Revenue Service, Janet

Napolitano, Timothy F. Geithner, William A. Carmody, III, David Hiebert, Christina Navarette-

Wasson, Sergio Arellano, James K. Ellis, and Nieves Narvaez hereby move to dismiss 1)

plaintiff's RFRA claim against the IRS, the Department of Treasury, and the named defendants

who are employees of the IRS; 2) plaintiff's retaliation claim against Timothy Geithner; and 3)

plaintiff's claims against the individual defendants in their individual capacities. The grounds

for the motion are set forth in the accompanying memorandum of points and authorities. A

proposed order is also attached.

Dated: May 1, 2009

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

TIM JOHNSON
Acting United States Attorney

STUART A. LICHT
Assistant Branch Director


   /s/ Vesper Mei
VESPER MEI (DC Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883 – Rm 7316
Washington, DC 20044
Telephone:  (202) 514-4686
Facsimile:  (202) 616-8470
vesper.mei@usdoj.gov

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| KAWALJEET K. TAGORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| U.S. DEPARTMENT OF HOMELAND | ) | |
| SECURITY, FEDERAL PROTECTIVE | ) | |
| SERVICE; U.S. DEPARTMENT OF THE | ) | Case No. 4:09-CV-00027 |
| TREASURY; INTERNAL REVENUE | ) | |
| SERVICE; JANET NAPOLITANO, | ) | |
| Secretary of the U.S. Department of | ) | |
| Homeland Security; TIMOTHY F. | ) | |
| GEITHNER, Secretary of the Treasury; | ) | |
| WILLIAM A. CARMODY, III; DAVID | ) | |
| HIEBERT; CHRISTINA NAVARETE- | ) | |
| WASSON; SERGIO ARELLANO; JAMES | ) | |
| K. ELLIS; NIEVES NARVAEZ; and | ) | |
| DOES 1-25, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF
## PARTIAL MOTION TO DISMISS

MICHAEL F. HERTZ
Deputy Assistant Attorney General

TIM JOHNSON
Acting United States Attorney

STUART A. LICHT
Assistant Branch Director

VESPER MEI (DC Bar 455778)
Senior Counsel

United States Department of Justice
Civil Division
Federal Programs Branch

P.O. Box 883 – Rm 7316
Washington, DC 20044
Telephone:  (202) 514-4686
Facsimile:  (202) 616-8470
vesper.mei@usdoj.gov

Attorneys for Federal Defendants

# TABLE OF CONTENTS

**PAGE**

I.     NATURE AND STATE OF PROCEEDING ................................................................ 1

II.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT .......................... 3

III.   STANDARD OF REVIEW ...................................................................................... 3

IV.   SUMMARY OF THE ARGUMENT ....................................................................... 4

BACKGROUND ...................................................................................................... 5

I.     FACTUAL BACKGROUND ................................................................................. 5

II.    TITLE VII OF THE CIVIL RIGHTS ACT ........................................................... 9

III.   THE RELIGIOUS FREEDOM RESTORATION ACT ............................................ 10

ARGUMENT ............................................................................................................ 12

I.     TITLE VII PROVIDES THE EXCLUSIVE REMEDY FOR CLAIMS
OF RELIGIOUS DISCRIMINATION IN FEDERAL EMPLOYMENT
AND THEREFORE PRECLUDES PLAINTIFF'S RFRA CLAIM
AGAINST THE DEPARTMENT OF TREASURY AND THE
INTERNAL REVENUE SERVICE ....................................................................... 12

      A.     Title VII Provides the Exclusive Remedy for Religious
Discrimination Claims in Federal Employment .................................... 12

      B.     RFRA Does Not Alter Title VII's Exclusive Nature With
Respect to Federal Employment Discrimination Claims ...................... 13

      C.     Title VII Precludes Plaintiff's RFRA Claim Against the
IRS Defendants ................................................................................... 15

II.    PLAINTIFF FAILED TO ADMINISTRATIVELY EXHAUST
HER DISCHARGE CLAIM, AND IT SHOULD BE DISMISSED .............................. 16

III.   PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL
DEFENDANTS BROUGHT IN THEIR INDIVIDUAL
CAPACITIES SHOULD BE DISMISSED ................................................................ 19

CONCLUSION ......................................................................................................... 20

# TABLE OF AUTHORITIES

**CASES**                                                                         **PAGE(S)**

Adams v. Commissioner of Internal Revenue, 170 F.3d 173 (3d Cir. 1999) ............................ 13

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) ........................................................................ 4

Brown v. General Services Administration, 425 U.S. 820 (1976) ...................................... passim

Clark v. Tarrant County, Texas, 798 F.2d 736 (5th Cir. 1986) .................................................... 4

Craig v. United States, 413 F.2d 854 (9th Cir. 1969) .................................................................. 3

Cuvillier v. Taylor, 503 F.3d 397 (5th Cir. 2007) ....................................................................... 4

Dorsey v. Roche, No. 00-21070 (N.D. Cal. 2002) ..................................................................... 16

Employment Division, Dep't of Human Resources v. Smith,
    494 U.S. 872 (1990) ............................................................................................... passim

Erickson v. Union Bank of Texas, 2006 WL 1479028 (N.D. Tex. 2006) .................................... 3

Ethnic Employees of the Library of Congress v. Boorstin, 751 F.2d 1405
    (D.C. Cir. 1985) ................................................................................................... 13, 15

Fellows v. Universal Restaurants, Inc., 701 F.2d 447 (5th Cir. 1983) ...................................... 17

Francis v. Mineta, 505 F.3d 266 (3d Cir. 2007) ........................................................................ 15

Jackson v. Widnall, 99 F.3d 710 (5th Cir.1996) ........................................................................ 13

Kizas v. Webster, 707 F.2d 524 (D.C. Cir. 1983) ................................................................. 13, 15

Menchaca v. Chrysler Credit Corp., 613 F.2d 507 (5th Cir. 1980) ............................................ 4

Molotsky v. Henderson, 1999 WL 165683 (E.D. Pa. Mar. 9, 1999) .......................................... 15

Pacheco v. Mineta, 448 F.3d 783 (5th Cir. 2006) ................................................. 4, 16, 17, 18, 19

Pfau v. Reed, 125 F.3d 927 (5th Cir.1997) ................................................................................ 13

Randel v. Dep't of U.S. Navy, 157 F.3d 392 (5th Cir. 1998) .......................................... 4, 16, 17

Reed v. Slater, No. 98- 1298 (D. Colo. 2001) ........................................................................... 16

Rowe v. Sullivan, 967 F.2d 186 (5th Cir.1992) ........................................................... 13

Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970) ............................................. 17

Scheuer v. Rhodes, 416 U.S. 232 (1974) ..................................................................... 4

Sherbert v. Verner, 374 U.S. 398 (1963) .............................................................. 11, 13

Sigurdson v. Del Guercio, 241 F.2d 480 (9th Cir. 1956) ............................................... 3

St. Tammany Parish, ex rel. Davis v. Federal Emergency Management Agency,
    556 F.3d 307, 315 (5th Cir. 2009) ................................................................. 4

TWA, Inc. v. Hardison, 432 U.S. 63 (1977) .................................................................. 9

Tagore v. Paulson, EEOC Case No. 460-2007-00023X ...................................................... 17

Taylor v. Federal Home Loan Bank Bd., 661 F. Supp. 1341
    (N.D. Tex. 1986) ..................................................................................... 3

Teal v. Potter, 559 F.3d 687 (7th Cir. 2009) ............................................................. 19

Tolbert v. U.S., 916 F.3d 45 (5th Cir. 1990) ............................................................. 4

Williams v. Dallas County, 2003 WL 21662823 (N.D. Tex. 2003) ........................................... 3

Wisconsin v. Yoder, 406 U.S. 205 (1972) ............................................................. 11, 13

**STATUTES**

18 U.S.C. § 930 ................................................................................... 6, 8

42 U.S.C. § 2000bb, et seq ................................................................... passim

42 U.S.C. § 2000e, et seq ..................................................................... passim

**RULES AND REGULATIONS**

29 C.F.R. § 1614.105-107 ........................................................................ 16, 17

31 C.F.R. § 0.215(a) .............................................................................. 8

## **FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(1) ........................................................................... 3, 4

Fed. R. Civ. P. 41(a)(2) ............................................................................. 19

## **LEGISLATIVE MATERIAL**

H.R. Rep. No. 103- 88, 103d Cong., 1st Sess. (1993) ..................................................... 11, 14-15

S. Rep. No. 103-111, 103d Cong., 1st Sess., reprinted in
    1993 U.S.C.C.A.N. 1892 ...................................................................... 11, 13,14

# EXHIBIT LIST

| | |
|---|---|
| Exhibit A | Tagore v. Paulson, EEOC Case No. 460-2007-00023X, Administrative Judge Bench Decision (October 1, 2008) |
| Exhibit B | Department of the Treasury Final Order implementing Administrative Judge's finding of no discrimination (Oct. 8, 2008) |
| Exhibit C | Excerpts from H.R. Rep. No. 103-88, 103d Cong., 1st Sess. (1993) |
| Exhibit D | Excerpts from S. Rep. No. 103-111, 103d Cong., 1st Sess. 9, reprinted in 1993 U.S.C.C.A.N. 1892 |
| Exhibit E | Dorsey v. Roche, No. 00-21070 (N.D. Cal. 2002) |
| Exhibit F | Reed v. Slater, No. 98- 1298 (D. Colo. 2001) |
| Exhibit G | Letter of Amardeep Singh Bhalla to James Parker, Operations Director, Treasury Complaint Mega-Center (Apr. 14, 2006) |
| Exhibit H | Individual Complaint of Employment Discrimination with The Department of the Treasury (Mar. 10, 2006) |

# I.    NATURE AND STATE OF PROCEEDING.

Plaintiff, Kawaljeet Tagore, brings this suit against her former employer, the Department of Treasury and the Internal Revenue Service ("IRS"); the Department of Homeland Security ("DHS") and the Federal Protective Service ("FPS"); and a number of individual defendants, alleging that she was subjected to religious discrimination and denied the freedom to practice her religion when the defendants refused to allow her to wear a kirpan – a six inch sword with a three inch blade – into the federal building in which she worked.  She brings two claims: a claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq. against all of the defendants, and a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. against Timothy Geithner.[1]

Plaintiff filed her Complaint on January 6, 2009.  Service was completed on the defendants in their official capacities on February 20, 2009.  In response to defendants' motion to extend their time to answer or otherwise respond to plaintiff's complaint, plaintiff stated that she had determined not to pursue her claims against the individual defendants in their individual capacities.  See Plaintiff's Response to Defendants' Motion for Extension of Time to Answer Plaintiff's Complaint and To Postpone May 1, 2009 Scheduling Conference, ¶ 5 (Docket #12) (Apr. 16, 2009).

The defendants now move this Court to dismiss plaintiff's RFRA claim against plaintiff's former employer, the IRS, as well as the Department of Treasury and the named defendants who are employees of the Department of Treasury (collectively, the "IRS defendants").  Title VII

---

[1] Included within plaintiff's Title VII claim is plaintiff's claim that the IRS retaliated against for filing an administrative discrimination complaint by discharging her from her position ("retaliation claim").  Complaint ¶ 73.  Plaintiff was discharged after reporting to work with an unmodified kirpan, after being directed to modify it to enable her to return to work.  Id. ¶ 54-55.

provides the exclusive remedy for religious discrimination in federal employment, and therefore

precludes plaintiff's RFRA claim against the IRS defendants.  Further, plaintiff's retaliation

claim against Timothy Geithner should be dismissed for failure to exhaust administrative

remedies under Title VII.  Finally, because plaintiff has determined not to pursue her claims

against the individual defendants in their individual capacities, this Court should dismiss the

claims against the named  defendants in their individual capacities as well.[2]

## II.    STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT.

1.    Whether plaintiff's RFRA claim against the IRS defendants alleging that she was denied

       the freedom to practice and observe her religion should be dismissed because Title VII

       provides the exclusive remedy for this claim.

2.    Whether plaintiff's failure to exhaust her administrative remedies prior to bringing suit

       bars her claim under Title VII that she was retaliated against by the IRS by being

---

[2] In the caption of the Complaint, plaintiff lists "Does 1-25."  In paragraph 22 of the Complaint, plaintiff states that "defendants DOES 1-25 (also referred to hereinafter as the 'DOE defendants') were employees, and or otherwise representatives of DHS-FPS, DOT-IRS, other federal agencies, state agencies, local government agencies, and/or private actors acting in their official and/or individual capacities."  Plaintiff does not make any allegation of fact with respect to any "Doe."  The "Does" are not parties to this lawsuit as they are not properly named and, to our knowledge, have not been served in accordance with the Federal Rules of Civil Procedure. There is no authority in the Federal Rules of Civil Procedure or any statute for joining fictitious "Doe" defendants.  Erickson v. Union Bank of Texas, 2006 WL 1479028, *2 n. 4 (N.D. Tex. 2006); Williams v. Dallas County, 2003 WL 21662823, *1 n. 1 (N.D. Tex. 2003) (summarily dismissing Doe defendants as frivolous); Taylor v. Federal Home Loan Bank Bd., 661 F. Supp. 1341, 1350 (N.D. Tex. 1986) (claims dismissed under Rules 12(b)(1) & (2)); Craig v. United States, 413 F.2d 854, 856 (9th Cir. 1969) (fictitious defendants should be eliminated by motion); Sigurdson v. Del Guercio, 241 F.2d 480, 482  (9th Cir. 1956) ("[t]hese John Doe complaints are dangerous at any time.  It is inviting disaster to allow them to be filed and to allow fictitious persons to remain defendants if the complaint is still of record").  Consequently, Does 1-25 should be stricken from the Complaint and the claims against them dismissed under Fed. R. Civ. P. 12(b)(1) or (2).

discharged for filing a complaint for religious discrimination.

3.    Whether the claims against the individual defendants in their individual capacities should be dismissed on the grounds that plaintiff has stated to the Court that she will not pursue those claims.

## III.    STANDARD OF REVIEW.

Defendants' motion to dismiss plaintiff's RFRA claim and the individual defendants is brought under Fed. R. Civ. P. 12(b)(6). While a court should construe the allegations of the complaint favorably to the pleader, Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), in order to survive a Rule 12(b)(6) motion to dismiss, plaintiff's complaint "must provide the plaintiff's grounds for entitlement to relief – including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Defendants move to dismiss plaintiff's unexhausted claim for retaliation for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Randel v. Dep't of U.S. Navy, 157 F.3d 392, 395 (5th Cir. 1998) (where plaintiff failed to exhaust administrative remedies, court lacked jurisdiction); Tolbert v. U.S., 916 F.3d 245, 247 (5th Cir. 1990) ("[I]t is the well-settled law of this circuit that each [Title VII] requirement [such as exhaustion] is a prerequisite to federal subject matter jurisdiction."). As the party claiming federal subject matter jurisdiction, the plaintiff has the burden of proving that it exists. St. Tammany Parish, ex rel. Davis v. Federal Emergency Management Agency, 556 F.3d 307, 315 (5th Cir. 2009). The court need not convert a Rule 12(b)(1) motion into a motion for summary judgment when it considers matters outside of the pleadings. See Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 512 (5th

Cir.1980).[3]

## IV.  SUMMARY OF THE ARGUMENT.

1.     Title VII provides the exclusive remedy for claims of religious discrimination in federal

employment and therefore precludes plaintiff's RFRA claim against the IRS defendants.

Because RFRA does not alter the exclusive nature of Title VII with respect to federal

employment discrimination claims, plaintiff's claim for religious discrimination against

her former employer may be brought only under Title VII.

2.     Because plaintiff raised her retaliation claim for the first time with the filing of this

lawsuit, she failed to administratively exhaust this claim, and it should be dismissed.

3.     Because plaintiff has stated that she will not pursue any claims against the individual

defendants in their individual capacities, any such claims should be dismissed.[4]

## BACKGROUND

## I.  FACTUAL BACKGROUND.

In July 2004, plaintiff, Kawaljeet Tagore, began working for the IRS, a bureau of the

United States Department of the Treasury, as an Internal Revenue Agent.  Compl. ¶¶ 7, 12, 25.

She worked in the Mickey Leland Federal Building in Houston, Texas.  Id. ¶ 25.  On April 14,

2005, plaintiff was formally initiated into the Sikh faith by undergoing the ceremony known as

---

[3] While there is some disagreement in the Fifth Circuit as to whether exhaustion in a Title VII implicates subject matter jurisdiction, or is simply a prerequisite to suit, see Pacheco v. Mineta, 448 F.3d 783, 788 n. 7 (5th Cir. 2006), the result of the lack of exhaustion of plaintiff's retaliation claim in this case would lead to dismissal of that claim under either standard.

[4] While it is not entirely clear from the complaint what claims plaintiff brings against the individual defendants in their individual capacities, because plaintiff's RFRA claim was brought against all defendants, it appears that the individual defendants are sued in their individual capacities under RFRA.

*Amrit Sanskar*, which committed her to the tenets of the Sikh faith.  Id. ¶ 26.

Plaintiff alleges that after initiation through *Amrit Sanskar*, she was obligated to wear at all times the five Sikh Articles of Faith: *kesh* (maintaining hair unshorn and covered), *kangha* (wooden comb), *kara* (steel bracelet), *kacha* (undergarment), and *kirpan* (emblem of justice).  Id. ¶ 27.  She contends that these Articles of Faith serve both as physical manifestations of core Sikh spiritual values, reminding the bearer that her actions should be consistent with her beliefs, as well as public expressions of her faith, identifying her to others as a Sikh.  Id. ¶ 28.  She alleges that the obligation of Sikhs to keep these Articles of Faith is a cornerstone of the Sikh religion and is commonly viewed by Sikhs to be among the central requirements of the Sikh religion.  Id. ¶ 28.

Plaintiff began carrying a kirpan after her participation in the *Amrit Sanskar* ceremony.  Id. ¶ 32.  After the ceremony, on April 18, 2005, plaintiff alleges that she had a discussion with her supervisor at the IRS, Nieves Narvaez, during which he expressed concern about carrying a kirpan in the workplace.  Id. ¶ 33.  The following day, Mr. Narvaez asked plaintiff for written information about the kirpan, and discussed it with her.  Id. ¶ 34.  As a result of her discussion with Mr. Narvaez, plaintiff alleges that she began carrying a shorter kirpan to work.  Plaintiff's shorter kirpan was approximately six inches long, with an edge of about three inches.  Id. ¶ 35.  Plaintiff claims that this kirpan was not sharp or capable of inflicting bodily injury.  Id.  Around April 20, 2005, plaintiff states that she, through counsel, provided the IRS with written information about the kirpan, and requested that she be provided an accommodation allowing her to carry the kirpan into her workplace.  Plaintiff alleges that the same day, Mr. Narvaez told her to leave work, and informed her that carrying a kirpan to her workplace violated agency rules of

conduct as well as federal law, namely 18 U.S.C. § 930.[5]  Id. ¶ 36.

Although the IRS initially told plaintiff that she would have to use her personal vacation days when they sent her home, they ultimately allowed her to work primarily from home, through "flexi-place."  Id. ¶ 49.  The IRS allowed plaintiff to worked at home on flexi-place for over nine months.  Id. ¶ 51.  Plaintiff contends that as time passed, she was increasingly given assignments that were below her grade, or that were clerical tasks.  Id.

On or about January 20, 2006, plaintiff contends that Sergio Arellano, the IRS Director of Field Operations, directed her to modify the kirpan and report to work at the Leland Building by January 30, 2006.  Id. ¶ 54.  Plaintiff reported to work that day as required, but had not modified the kirpan.  Id. ¶ 55.  Plaintiff contends that when she told FPS (which was in charge of security for the Leland Building) that she was wearing a kirpan, they did not allow her to enter the building.  Id. ¶¶ 39, 55.  Plaintiff alleges that the IRS thereafter charged her with being Absent Without Leave ("AWOL"), removed her from flexi-place, and stopped paying her salary. Id. ¶ 56.  Plaintiff filed an administrative employment discrimination complaint with the Department of Treasury on March 10, 2006.  Id. ¶ 58.  She contends that she was discharged from the IRS on July 11, 2006, in retaliation for filing that complaint.  Id. ¶¶ 59, 73.

Plaintiff contends that each time she entered the Leland Building during April 2005 while

---

[5] 18 U.S.C. § 930 provides:

(a) . . .whoever knowingly possesses or causes to be present a firearm or other dangerous weapon in a Federal facility . . . or attempts to do so, shall be fined . . . or imprisoned not more than 1 year, or both.

The term "dangerous weapon" is defined as "a weapon, device, instrument, material, or substance, animate or inanimate, that is used for, or is readily capable of, causing death or serious bodily injury, except that such term does not include a pocket knife with a blade of less than 2 1/2 inches in length."  18 U.S.C. § 930(g).

wearing a kirpan, she was able to pass through the FPS security checkpoint, including walking through a metal detector. Id. ¶ 40. She contends that at her supervisor's direction, and prior to her discharge, she returned to the Leland Building on or about March 9, 2006 to return files, and on that day, she was able to pass through FPS security, including a metal detector. Id. ¶ 57. When the IRS learned that she was carrying a kirpan, they sent her home. Id. She alleges that the FPS and IRS took the position that allowing her in the Leland Building with a kirpan violated a federal statute, 18 U.S.C. § 930, because the kirpan's edge was longer than 2.5 inches. Id. ¶ 52. She contends that prior to her discharge, no IRS or FPS employee inspected the kirpan in order to determine whether bringing it into the Leland Building would have violated 18 U.S.C. § 930 or agency Rules of Conduct.[6] Id. ¶ 60.

Plaintiff contends that during her employment, the IRS distributed scissors, letter openers, and box cutters to its employees working in the Leland Building. Id. ¶ 41. Plaintiff alleges that she also received scissors and a letter opener, and that she was allowed to pass through the FPS security checkpoint in the Leland Building with the scissors and letter opener in her possession. Id. ¶ 42. She contends that she has seen a federal employee use a kitchen knife in the Leland Building that was longer and sharper than the kirpan. Id. ¶ 43.

On October 1, 2008, after a hearing in this case, an Equal Employment Opportunity Commission ("EEOC") Administrative Judge issued a bench decision, finding that the Department of Treasury did not discriminate against Ms. Tagore based on her religion, and

---

[6] See 31 C.F.R. § 0.215(a) ("Employees shall not possess firearms, explosives, or other dangerous or deadly weapons, either openly or concealed, while on Government property or official duty.").

finding that the Agency did not fail to accommodate Ms. Tagore based on her religion. Tagore v. Paulson, EEOC Case No. 460-2007-00023X, Administrative Judge Bench Decision (October 1, 2008) (Ex. A) at 16. On October 8, 2008, the Department of the Treasury entered a final order fully implementing the Administrative Judge's finding of no discrimination. Department of the Treasury Final Order (Oct. 8, 2008) (Ex. B).

On January 6, 2009, plaintiff filed this lawsuit, alleging that by refusing to allow her to carry the kirpan into the Leland Building, all of the defendants violated RFRA, and that defendant Geithner violated Title VII of the Civil Rights Act of 1964. Defendants now move to dismiss the RFRA claim against the IRS defendants on the grounds that plaintiff's RFRA claim against them is preempted by Title VII. In addition, because plaintiff's retaliation claim against Timothy Geithner was not included in her administrative complaint or any amendment to that complaint, as required by the statute and regulations, that claim was not administratively exhausted, and should be dismissed. Finally, because plaintiff has stated that she will not pursue her claims against the individual defendants in their individual capacities, such claims should be dismissed as well.

## II.    TITLE VII OF THE CIVIL RIGHTS ACT.

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . religion." 42 U.S.C. § 2000e-2(a)(1). Section 2000e(j) of Title 42 defines "religion" to include "all aspects of religious observance and practice, as well as belief, unless an employer demonstrates that he is unable to reasonably accommodate to an employee's or

prospective employee's religious observance or practice without undue hardship on the conduct

of the employer's business."  The intent and effect of this provision was to make it an unlawful

employment practice "for an employer not to make reasonable accommodations, short of undue

hardship, for the religious practices of his employees and prospective employees."  TWA, Inc. v.

Hardison, 432 U.S. 63, 74 (1977).

In 1972, Congress extended the protection of Title VII to federal employees.  42 U.S.C. §

2000e-16 provides that "[a]ll personnel actions affecting employees or applicants for

employment" in military departments, executive agencies, and several specified government

entities "shall be made free from any discrimination based on race, color, religion, sex or

national origin."  Accompanying the extension of Title VII to federal employment were

"rigorous administrative exhaustion requirements."  Brown v. GSA, 425 U.S. 820, 833 (1976).

These requirements create "a dispute resolution system that requires a complaining party to

pursue administrative relief prior to court action, thereby encouraging quicker, less formal, and

less expensive resolution of disputes within the Federal Government and outside of court."  West

v. Gibson, 527 U.S. 212, 218-19 (1999).

Title VII therefore requires plaintiffs first to raise their claims before the relevant agency

before seeking judicial relief.  See 42 U.S.C. § 2000e-16(c); see also 29 C.F.R. §§ 1614.101 et

seq.  Under EEOC regulations, a person alleging discrimination by a federal agency must

contact, and consult with, the agency's EEO Counselor within 45 days of the challenged action.

29 C.F.R. § 1614.105.  A complainant dissatisfied with the results of that consultation may file a

formal complaint.  Id. § 1614.106(b).  Upon receiving a formal complaint, the agency must

"conduct an impartial and appropriate investigation within 180 days."  Id. § 1614.106(e)(2).

After the investigation is completed (or if 180 days have elapsed since the investigation began), the complainant may seek judicial relief. 42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.107, 1614.110, 1614.407. The proper defendant in a Title VII case is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. § 2000e-16(c).

## III. THE RELIGIOUS FREEDOM RESTORATION ACT.

The Religious Freedom Restoration Act ("RFRA"), enacted in 1993, provides that "Government shall not substantially burden a person's exercise of religion" unless "it demonstrates that application of the burden to the person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb-1. The Act applies to "all Federal law and the implementation of that law, whether statutory or otherwise," adopted both before and after the passage of RFRA. Id. § 2000bb-3(a).

Congress enacted RFRA in response to the Supreme Court's decision in Employment Division, Dep't of Human Resources v. Smith, 494 U.S. 872 (1990). In that case, the Court held that the Free Exercise Clause did not require Oregon to exempt from its criminal drug laws the sacramental ingestion of peyote by members of the Native American Church. Id. at 877-82. Such generally applicable laws, the Court concluded, may be applied to religious exercise regardless of whether the government demonstrates a compelling interest for its rule. Id. at 884-89.

RFRA was enacted to restore the compelling interest test in Sherbert v. Verner, 374 U.S. 398 (1963), and Wisconsin v. Yoder, 406 U.S. 205 (1972), that existed prior to Smith. See 42 U.S.C. § 2000bb(b)(1). The statute's legislative history indicates that Congress expected courts

to look to cases predating <u>Smith</u> in construing and applying RFRA.  <u>See</u> H.R. Rep. No. 103-88,

103d Cong., 1st Sess. 6-7 (1993) (Ex. C); S. Rep. No. 103-111, 103d Cong., 1st Sess. 9,

<u>reprinted in</u> 1993 U.S.C.C.A.N. 1892, 1898 (Ex. D).  In addition, the Senate and House Reports

accompanying RFRA state that "[n]othing in this act shall be construed as affecting religious

accommodation under Title VII of the Civil Rights Act of 1964." S. Rep. No. 103-111, at 12-13,

1993 U.S.C.C.A.N. at 1903; <u>see</u> H.R. Rep. No. 103-88, at 9.

## ARGUMENT

I. **TITLE VII PROVIDES THE EXCLUSIVE REMEDY FOR CLAIMS OF RELIGIOUS DISCRIMINATION IN FEDERAL EMPLOYMENT AND THEREFORE PRECLUDES PLAINTIFF'S RFRA CLAIM AGAINST THE DEPARTMENT OF TREASURY AND THE INTERNAL REVENUE SERVICE.**

    A. **Title VII Provides the Exclusive Remedy for Religious Discrimination Claims in Federal Employment.**

Title VII states, in pertinent part, that "[a]ll personnel actions affecting employees or

applicants for employment . . . in executive agencies . . . shall be made free from any

discrimination based on race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-16(a).

"Religion" is defined to include "all aspects of religious observance and practice, as well as

belief, unless an employer demonstrates that he is unable to reasonably accommodate to an

employee's or prospective employee's religious observance or practice without undue hardship

on the conduct of the employer's business."  42 U.S.C. § 2000e(j).

In <u>Brown v. General Services Administration</u>, 425 U.S. 820, 835 (1976), the Supreme

Court held that Title VII "provides the exclusive judicial remedy for claims of discrimination in

federal employment."  Based upon the legislative history and structure of Section 717 of Title

VII (42 U.S.C. § 2000e-16), the Court found that "[t]he balance, completeness, and structural

integrity of § 717 are inconsistent with the . . . contention that the judicial remedy afforded by § 717(c) was designed merely to supplement other putative judicial relief." Id. at 832. Hence, Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination." Id. at 829.

The exclusive nature of Title VII applies both to constitutional as well as statutory claims. As this Circuit has recognized, when a plaintiff suing a federal employer "relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption." Pfau v. Reed, 125 F.3d 927, 932 (5th Cir.1997), vacated on other grounds, 525 U.S. 801 (1998). See also Jackson v. Widnall, 99 F.3d 710, 716 (5th Cir.1996) (Title VII preempts constitutional claims of employment discrimination asserted against federal government); Rowe v. Sullivan, 967 F.2d 186, 189 (5th Cir.1992) (Brown stands "for the proposition that Title VII is the exclusive judicial remedy for claims of discrimination in federal employment"). Accord Ethnic Employees of the Library of Congress v. Boorstin, 751 F.2d 1405, 1415 (D.C. Cir. 1985); Kizas v. Webster, 707 F.2d 524, 542 (D.C. Cir. 1983). In this case, the plaintiff specifically relies on the same set of facts that to establish both her RFRA and Title VII claims. Complaint at 5. Her RFRA claim is thus "not sufficiently distinct" to avoid preemption. Pfau, 125 F.3d at 932.

**B.    RFRA Does Not Alter Title VII's Exclusive Nature With Respect to Federal Employment Discrimination Claims.**

RFRA was enacted for a limited purpose, and was not intended to upset existing statutory schemes. "There is little doubt that RFRA was enacted as a direct response to Employment Division v. Smith, and to restore the tests that were routinely employed before the Supreme Court's ruling that neutral, generally applicable laws may impinge on religious practices, even in

-12-

the absence of a compelling state interest." Adams v. Commissioner of Internal Revenue, 170 F.3d 173, 176 (3d Cir. 1999). The statute thus states that government "may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000bb-1.

Congress enacted RFRA because the Smith decision "abruptly abandoned the compelling interest standard and dramatically weakened the constitutional protection for freedom of religion." S. Rep. No. 103-111, at 5, 1993 U.S.C.C.A.N. at 1894. The Act was "intended to restore the compelling interest test previously applicable to free exercise cases" by creating a statutory right equivalent to the constitutional standard that existed prior to Smith. Id. at 8, 1993 U.S.C.C.A.N. at 1898. Thus, "the purpose of this act is only to overturn the Supreme Court's decision in Smith." Id. at 12, 1993 U.S.C.C.A.N. at 1902. To that end, Congress directed that courts should look to pre-Smith First Amendment case law as a guide to applying the statute. Id. at 8.

These purposes are reflected in RFRA's language. The statute declares that its purposes are: "(1) to restore the compelling interest test in Sherbert v. Verner, 374 U.S. 398 (1963) and Wisconsin v. Yoder, 406 U.S. 205 (1972) and to guarantee its application in all cases where free exercise of religion is substantially burdened; and (2) to provide a claim or defense to persons whose religious exercise is substantially burdened by government." 42 U.S.C. § 2000bb(b).

Consistent with its limited purpose, the Senate Judiciary Committee made clear that it did not intend RFRA to upset existing statutory schemes. The Senate Report on RFRA, in a section entitled "Other Areas of Laws Are Unaffected," noted that "[a]lthough the purpose of this act is

only to overturn the Supreme Court's decision in <u>Smith</u>, concerns have been raised that the act could have unintended consequences and unsettle other areas of the law." S. Rep. No. 103-111, at 12, 1993 U.S.C.C.A.N. 1892, 1902. The Report then discusses a number of areas that are not affected by the new statute, and includes within that discussion the following statement: "Nothing in this act shall be construed as affecting religious accommodation under Title VII of the Civil Rights Act of 1964." <u>Id.</u> at 13, 1993 U.S.C.C.A.N. at 1903. The House Report accompanying RFRA contains nearly identical language. <u>See</u> H.R. Rep. 103-88, at 9.

### C. Title VII Precludes Plaintiff's RFRA Claim Against the IRS Defendants.

Requiring federal employees to use the exclusive remedial scheme of Title VII for religious discrimination claims is entirely consistent with RFRA's language and purpose. Prior to <u>Smith</u>, a federal employee had no right of action under the Constitution for employment discrimination based upon religion. Such claims were clearly precluded by <u>Brown v. GSA</u> and its progeny, requiring federal employees to seek redress under Title VII. <u>See</u>, <u>e.g.</u>, <u>Ethnic Employees of the Library of Congress</u>, 751 F.2d at 1415; <u>Kizas</u>, 707 F.2d at 542. Given the intent of RFRA merely to restore the prior constitutional standard for free exercise claims, it would be specious to conclude that Congress intended to allow religious accommodation claims under RFRA to bypass Title VII's remedial scheme when identical claims asserted under the Free Exercise Clause itself are precluded by Title VII.

Thus, courts that have confronted this issue directly have held consistently that claims of federal employment discrimination based upon religion must be brought under Title VII rather than RFRA. In <u>Francis v. Mineta</u>, 505 F.3d 266, 272 (3d Cir. 2007), the Third Circuit held that plaintiff's RFRA claim was precluded by Title VII, explaining that "Title VII provides the

exclusive remedy for job-related claims of federal religious discrimination."  Similarly, in Molotsky v. Henderson, 1999 WL 165683, *1 (E.D. Pa. Mar. 9, 1999), the court dismissed a RFRA claim arising from the plaintiff's federal employment.  Relying upon the authority of Brown, the court held that Title VII "is the exclusive federal remedy available to a federal employee suing on an employment discrimination claim," and concluded: "RFRA's text and legislative history do not suggest Congressional intent to affect the exclusivity of Title VII remedies to allow federal employees to bring an employment discrimination claim under that act."  Id.  Two other district courts have agreed.  See Dorsey v. Roche, No. 00-21070 (N.D. Cal. 2002) (finding that plaintiff's RFRA claim was preempted by Title VII) (Ex. E) and Reed v. Slater, No. 98- 1298 (D. Colo. 2001) (same) (Ex. F).  Likewise, in this case, plaintiff's RFRA claim against her former employer, the Department of Treasury (and Timothy Geithner), and the IRS (and the individual IRS employees), should be dismissed because it is preempted by Title VII.[7]

## II.  PLAINTIFF FAILED TO ADMINISTRATIVELY EXHAUST HER RETALIATION CLAIM, AND IT SHOULD BE DISMISSED.

As part of her Title VII claim, plaintiff's complaint asserts that the IRS retaliated against her by discharging her for filing an administrative complaint alleging discrimination.  Compl. ¶ 73.  Plaintiff, however, does not allege that she included her retaliation claim within her administrative complaint (and she could not, because it was filed on March 10, 2006, prior to her

---

[7] Once plaintiff's RFRA claim is dismissed against the IRS defendants, all of the defendants from the Department of Treasury except for Timothy Geithner, who is the only proper defendant under Title VII, should be dismissed from this lawsuit (i.e., the Department of Treasury, the IRS, Christina Navarette-Wasson, Sergio Arellano, James K. Ellis, and Nieves Narvaez).

discharge), as required by the statute and EEOC regulations.  42 U.S.C. § 2000e-16(c); 29 C.F.R. §§ 1614.105-107.  Nor does she allege that she amended her administrative complaint to include this claim.  See 29 C.F.R. 1614.106 (d).  As a result, she has failed to administratively exhaust her retaliation claim, and it should be dismissed.

"As a precondition to filing suit in federal court, Title VII specifically requires a federal employee claiming discrimination to exhaust his administrative remedies."  Randel v. U.S. Dept. of Navy, 157 F.3d 392, 395 (5th Cir. 1998).  In the Title VII context, exhaustion requires a complaining employee to file a charge of discrimination with the EEO office of his or her agency.  Pacheco v. Mineta, 448 F.3d 783, 788 (5th Cir. 2006); 29 C.F.R. §§ 1614.105-107. Where a plaintiff brings more than one claim, she must exhaust each one separately before bringing suit in federal court.  See, e.g., id. at 791-92 (holding that disparate-impact investigation could not reasonably have been expected to grow out of administrative charge that facially alleged only disparate treatment); Randel, 157 F.3d at 395 (concluding that because racial discrimination claim was separate and distinct from reprisal claim, plaintiff needed to exhaust administrative remedies on that claim before seeking review in federal court; because plaintiff had failed to raise race discrimination in his EEO charge, court lacked jurisdiction to consider that claim).

In an April 14, 2006 letter to the Department of Treasury, plaintiff's attorney set forth the statement of the claim to be investigated as follows:

> Was the Complainant either: 1) subject to disparate treatment or disparate impact discrimination based on her religion (Sikhism); or 2) did her employer fail to reasonably accommodate her religious practices, when beginning April 2005 and ongoing, she was not allowed to wear her Kirpan in the workplace; and thereafter she was place [sic] on Flexi-place until the situation regarding her Kirpan was resolved.  Subsequently, on January 30, 2006; and thereafter, she was charged

with being Absent Without Leave (AWOL) regardless of whether she has been able to enter the building wearing her kirpan?

April 14, 2006 Letter of Amardeep Singh Bhalla to James Parker, Operations Director, Treasury

Complaint Mega-Center, at 2 (Ex. G).

Although she could have, after her July 2006 termination from the IRS, plaintiff does not

allege that she amended her administrative complaint to include the alleged retaliation among the

issues that she sought to have investigated.  See 29 C.F.R. § 1614.106(d).  The EEOC

Administrative Judge's decision makes that clear, stating the issues before the EEOC as follows:

1.      Whether Complainant was discriminated against on the basis of her religion (Sikh) when beginning April 2005 through July 2006, she was not allowed to wear her kirpan in the workplace; and thereafter, Complainant was placed on Flexiplace until the situation regarding the kirpan was resolved.  Subsequently, on January 30, 2006, and thereafter she was charged Absent Without Leave (AWOL); and,

2.      Whether the Agency failed to accommodate Complainant on the basis of her religion (Sikh) when beginning April 2005 through July 2006, she was not allowed to wear her kirpan in the workplace; and thereafter, Complainant was placed on Flexiplace until the situation regarding the kirpan was resolved. Subsequently, on January 30, 2006, and thereafter she was charged Absent Without Leave (AWOL).

Bench Decision (Ex. A) at 2.  Thus, plaintiff's retaliation claim was not properly before the

Agency or in the issues before the EEOC prior to the filing of this lawsuit, and she has failed to

exhaust that claim.

The purpose of exhaustion is twofold:

On the one hand, because "the provisions of Title VII were not designed for the sophisticated," and because most complaints are initiated pro se, the scope of an EEOC complaint should be construed liberally.  Sanchez v. Standard Brands, Inc., 431 F.2d 455, 463 (5th Cir. 1970); Fellows v. Universal Restaurants, Inc., 701 F.2d 447, 451 (5th Cir. 1983).  On the other hand, a primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims.

> Id. at 466. Indeed, "[a] *less* exacting rule would also circumvent the statutory scheme, since Title VII clearly contemplates that no issue will be the subject of a civil action until the EEOC has first had the opportunity to attempt to obtain voluntary compliance." Sanchez, 431 F.2d at 467.

Pacheco, 448 F.3d at 788-89 (emphasis in original).

In this case, plaintiff was represented by counsel (the same counsel that now represents her in this lawsuit) from the time of the filing of her administrative complaint with the Department of Treasury; her counsel in fact signed that complaint. See Individual Complaint of Employment Discrimination with The Department of the Treasury (Mar. 10, 2006) (Ex. H) at 1. As a party represented by counsel, plaintiff should be charged with knowledge of the simple and unburdensome pleading requirements of the EEOC regulations, and there is no reason to allow a liberal construction of plaintiff's EEOC complaint to divine an unarticulated, unexhausted claim for her retaliation. See Teal v. Potter, 559 F.3d 687, 691 (7th Cir. 2009) (fact that counsel filed EEOC complaint on plaintiff's behalf weakened argument for liberal construction).

Nor would even a liberal construction of plaintiff's EEOC complaint save her retaliation claim, which is simply not within the scope of the administrative complaint. The claim that the IRS retaliated against plaintiff by discharging her for filing her discrimination claim is separate and distinct from the two questions raised by plaintiff in her EEO charge: whether the plaintiff was subject to religious discrimination at all, and whether the Department of Treasury failed to accommodate plaintiff based on her religion. See McCoy v. City of Shreveport, 492 F.3d 551, 556-57 (5th Cir. 2007) (setting forth different standards for establishing prima facie cases of discrimination and retaliation). Under similar circumstances, courts have dismissed as unexhausted claims that were not previously raised. See Randel, 157 F.3d at 395 (race discrimination claim was separate and distinct from reprisal claim, and needed to be separately

exhausted); <u>Williams v. Little Rock Mun. Water Works</u>, 21 F.3d 218, 223 (8th Cir.1994) (noting

that plaintiff's race discrimination claim was "separate and distinct from her claims of

retaliation" before the EEOC).

Finally, allowing the plaintiff to first raise her retaliation claim in this lawsuit would

thwart the second purpose of the exhaustion requirement: to allow the Department of Treasury

and the EEOC to attempt to achieve a non-judicial resolution of that claim. <u>Pacheco</u>, 448 F.3d at

789. "Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC

charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive

the charged party of notice of the charge." <u>Babrocky v. Jewel Food Co. & Retail Meatcutters</u>,

773 F.2d 857, 863 (7th Cir.1985). Plaintiff's retaliation claim was not included in her

administrative complaint; it was not exhausted, and should be dismissed.

## III.     PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS BROUGHT IN THEIR INDIVIDUAL CAPACITIES SHOULD BE DISMISSED.

In her April 16, 2009 Response to Defendants' Motion for Extension of Time to Answer

Plaintiff's Complaint and To Postpone May 1, 2009 Scheduling Conference, plaintiff stated:

> Although Ms. Tagore sued the individual federal officers and/or employees in
> their **individual** capacities, she has not effectuated service upon those officers or
> employees in their individual capacities pursuant to FRCP 4(i)(2)(B) and has
> decided not to pursue claims against those officers or employees in their
> **individual** capacities.

Plaintiff's Response to Defendants' Motion for Extension of Time to Answer Plaintiff's

Complaint and To Postpone May 1, 2009 Scheduling Conference, ¶ 5 (Docket #12) (Apr. 16,

2009) (emphasis in original). Because plaintiff has decided not to pursue claims against the

individual defendants in their individual capacities, such claims should be dismissed by this

Court pursuant to Fed. R. Civ. P. 41(a)(2).

## CONCLUSION

For the foregoing reasons, plaintiff's RFRA claim should be dismissed against the IRS defendants. Further, because plaintiff has not administratively exhausted her claim for retaliation, that claim should be dismissed. Finally, because plaintiff has determined not to pursue claims against any individual defendants in their individual capacities, any such claims should be dismissed as well.

Dated: May 1, 2009

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

TIM JOHNSON
Acting United States Attorney

STUART A. LICHT
Assistant Branch Director

  /s/ Vesper Mei
VESPER MEI (DC Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883 – Rm 7316
Washington, DC 20044
Telephone: (202) 514-4686
Facsimile: (202) 616-8470
vesper.mei@usdoj.gov

Attorneys for Federal Defendants

**CERTIFICATE OF SERVICE**

I, Vesper Mei, an attorney, hereby certify that on May 1, 2009, I electronically

transmitted the foregoing Federal Defendants' Partial Motion to Dismiss to the Clerk's Office

using the ECF System for filing and transmittal of a Notice of Electronic filing and to the

following ECF registrants:

Scott David Newar
Attorney at Law
700 Louisiana
25th Fl
Houston , TX 77002
Email: newar@newarlaw.com

Eric Christopher Rassbach
The Becket Fund for Religious Liberty
1350 Connecticut Ave NW
Ste 605
Washington , DC 20036
Email: erassbach@becketfund.org

I further certify that a copy of the foregoing Motion was mailed this 1st day of May,

2009, to the following:

Amardeep Singh Bhalla
The Sikh Coalition
40 Exhange Place
Ste. 728
New York , NY 10005

Harsimran Kaur Dang
The Sikh Coalition
39465 Paseo Padre Pkwy
Ste. 3550
Freemont , CA 94538

    /s/ Vesper Mei
VESPER MEI