## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KAWALJEET K. TAGORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, FEDERAL PROTECTIVE | ) |
| SERVICE; U.S. DEPARTMENT OF THE | ) Case No. 4:09-CV-00027 |
| TREASURY; INTERNAL REVENUE | ) |
| SERVICE; JANET NAPOLITANO, | ) |
| Secretary of the U.S. Department of | ) |
| Homeland Security; TIMOTHY F. | ) |
| GEITHNER, Secretary of the Treasury; | ) |
| WILLIAM A. CARMODY, III; DAVID | ) |
| HIEBERT; CHRISTINA NAVARETE- | ) |
| WASSON; SERGIO ARELLANO; JAMES | ) |
| K. ELLIS; NIEVES NARVAEZ; and | ) |
| DOES 1-25, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

### MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO SUSPEND OR ENLARGE TIME TO ANSWER PLAINTIFF'S COMPLAINT

Defendants in this case hereby move the Court, pursuant to Rule 12(a)(4) of the Federal Rules of Civil Procedure, for an order suspending their time in which to respond to the Complaint with respect to the claims that are not the subject of the Motion to Dismiss filed simultaneously herewith. The grounds for this motion are that the time of the defendants in which to respond to the Complaint is automatically continued *sine die* by operation of Rule 12(a)(4), Fed. R. Civ. P., and will begin to run again pursuant to Rule 12(a)(4) when the Defendants' Partial Motion to Dismiss is decided by the Court. While this position is supported

by the weight of authority, the issue has not been decided by this circuit. Accordingly, this motion is filed as a precaution.

Pursuant to Rule 6(b)(1), the defendants move, in the alternative, for an enlargement of time in which to respond to the Complaint of fourteen (14) days after the entry of the Court's decision if the Court determines that Rule 12(a)(4) does not govern. Alternative proposed orders are appended hereto.

On April 29, 2009, in compliance with LR 7.1, undersigned counsel contacted Scott Newar, attorney-in-charge for the plaintiff, who represented that the plaintiff opposes this motion.

## **NATURE AND STATE OF PROCEEDING**

The plaintiff, Kawaljeet Tagore, brought this suit against her former employer, the Department of Treasury and the Internal Revenue Service ("IRS"); the Department of Homeland Security ("DHS") and the Federal Protective Service ("FPS"); and a number of individual defendants, alleging that she was subjected to religious discrimination and denied the freedom to practice her religion when the defendants refused to allow her to wear a kirpan – a six inch sword with a three inch blade – into the federal building in which she worked. She brought two claims: a claim under the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb et seq. against all of the defendants, and a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. against Timothy Geithner.

By Order dated April 17, 2009, this Court granted until today Defendants' Motion for Extension of Time to Answer or Otherwise Respond to Complaint. In response to plaintiff's complaint, defendants are filing a Partial Motion to Dismiss simultaneously with the filing of

this Motion, seeking that the Court: 1) dismiss plaintiff's RFRA claim against plaintiff's former employer, the IRS, as well as the Department of Treasury and the named defendants who are employees of the IRS ("the IRS defendants"); 2) dismiss plaintiff's claim for retaliation against Timothy Geithner for failure to exhaust administrative remedies under Title VII; and 3) dismiss plaintiff's claims against the individual defendants in their individual capacities. The Court has set an initial scheduling conference for June 5, 2009 at 2:00 p.m.

## ISSUE TO BE RULED UPON BY THE COURT

1. Whether the filing of the defendants' Motion to Dismiss suspends the time for the defendants to answer plaintiff's Complaint under Fed. R. Civ. P. 12(a)(4), which provides that service of a Motion to Dismiss alters the period of time in which to answer.

## ARGUMENT

### I. RULE 12(a)(4) AUTOMATICALLY SUSPENDS DEFENDANTS' TIME IN WHICH TO RESPOND TO THE COMPLAINT.

The filing of defendants' motion pursuant to Fed. R. Civ. P. 12(b) to dismiss some but not all of the claims against the defendants has the effect, under Rule 12(a)(4), of suspending the defendants' time in which to respond to the entire complaint, e.g., by filing an answer or other appropriate motion.

Rule 12(a)(4) provides that "serving a motion permitted under this rule alters these periods [in which to respond to a complaint] as follows . . . if the court denies the [Rule 12] motion or postpones its disposition until trial, the responsive pleading must be served within 10 days after notice of the court's action . . . ." By its literal terms, Rule 12(a)(4) thus suspends the running of the time for the filing of a responsive pleading irrespective of the scope of the motion to dismiss.

The "weight of the case authority . . . holds that the filing of a motion [under Rule 12(b)] that only addresses part of a complaint suspends the time to respond to the entire complaint, not just to the claims that are the subject of the motion." Finnegan v. University of Rochester Medical Center, 180 F.R.D. 247, 249 (W.D.N.Y. 1998), citing Ricciuti v. New York City Transit Auth., 1991 WL 221110 *2 (S.D.N.Y. 1997) ("Any motion [under Rule 12(b)]. . . will suspend the time to answer any claim"). As one court has stated:

> In multi-claim litigation in which a party mounts a Rule 12(b) challenge to only some of the claims against it, it makes no sense to impose upon the parties some kind of "dual-track" litigation involving an answer and further proceedings on some claims, while other claims are subject to review on the motion to dismiss. The inefficiencies for both the parties and the court as well as the potential for confusion and unnecessary procedural convolutions posed by such "dual-track" litigation are obvious.

Ideal Instruments, Inc. v. Rivard Instruments, Inc., 434 F. Supp. 2d 598, 639 (N.D. Iowa 2006); accord Beaulieu v. Bd. of Trustees of Univ. of West Florida, 2007 WL 2020161 *2 (N.D. Fla. 2007); Bertaut v. Parish of Jefferson, 2002 WL 31528468 *1 (E.D. La. 2002) ("Even the filing of a partial motion to dismiss extends the defendant's time to answer the entire complaint."); Alex. Brown & Sons Inc. v. Marine Midland Banks, Inc., 1997 WL 97837 *7 (S.D.N.Y. 1997); Oil Express Nat'l, Inc. v. D'Alessandro, 173 F.R.D. 219, 220 (N.D. Ill. 1997) ("The majority of courts that have considered this question ... have concluded that a party does not need to file an answer while a partial motion to dismiss is pending"); Brocksopp Engineering, Inc. v. Bach-Simpson Ltd., 136 F.R.D. 485, 486-87 (E.D. Wis.1991) ("A partial 12(b) motion enlarges the time to file an answer."). 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1346 (2006) ("the filing of a motion that only addresses part of a complaint suspends the time to

respond to the entire complaint, not just to the claims that are the subject of the motion").[1]

Accordingly, the defendants' time in which to respond to the Complaint is automatically suspended under Rule 12(a)(4).[2]

## II. IN THE ALTERNATIVE, THE DEFENDANTS SHOULD BE GRANTED AN ENLARGEMENT OF TIME UNDER RULE 6.

If the Court determines that Rule 12(a)(4) does not govern, the defendants request an enlargement of time pursuant to Rule 6(b)(1) until 14 days after the entry of the Court's decision in which to respond to the Complaint. The grounds for this motion are that the interests of efficiency and economy in the conduct of litigation militate against imposing the burden of preparing a response to the Complaint until the issue raised in Part I above is decided by the Court.

## CONCLUSION

For the foregoing reasons, defendants' motion for a suspension or enlargement of time to answer the plaintiff's complaint should be granted.

Dated: May 1, 2009

Respectfully submitted,

---

[1] It appears that only one court has held otherwise, Gerlach v. Michigan Bell Tel. Co., 448 F. Supp. 1168 (E.D. Mich.1978). That decision has been rejected by every court and commentator that discussed it. See Ideal Instruments and cases cited therein.

[2] If this Court were to determine that the answer of the United States of America, U.S. Department of Homeland Security, Federal Protective Service, and Janet Napolitano, William A. Carmody, III, and David Hiebert (the latter three in their official capacities), is not automatically suspended by Rule 12(a)(4), these defendants respectfully move this Court, pursuant to Fed. R. Civ. P. 6(b)(1), for the same enlargement of time as the other defendants. Considerations of efficiency of litigation would apply to allowing all of the defendants to answer on the same schedule; it would streamline the case for all of the defendants to be at the same stage of the lawsuit simultaneously. See Ideal Instruments.

MICHAEL F. HERTZ
Deputy Assistant Attorney General

TIM JOHNSON
Acting United States Attorney

STUART A. LICHT
Assistant Branch Director


  /s/ Vesper Mei
VESPER MEI (DC Bar 455778)
Senior Counsel
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883 – Rm 7316
Washington, DC 20044
Telephone: (202) 514-4686
Facsimile: (202) 616-8470
vesper.mei@usdoj.gov

Attorneys for Federal Defendants

## CERTIFICATE OF CONFERENCE

I hereby certify that in compliance with LR 7.1, on April 29, 2009, I contacted Scott Newar, attorney-in-charge for the plaintiff, who represented that the plaintiff opposes Defendants' Motion to Suspend or Enlarge Time To Answer Plaintiff's Complaint.

          /s/ Vesper Mei
          VESPER MEI

## CERTIFICATE OF SERVICE

I, Vesper Mei, an attorney, hereby certify that on May 1, 2009, I electronically transmitted the foregoing Defendants' Motion to Suspend or Enlarge Time To Answer Plaintiff's Complaint. to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic filing and to the following ECF registrants:

Scott David Newar
Attorney at Law
700 Louisiana
25th Fl
Houston , TX 77002
Email: newar@newarlaw.com

Eric Christopher Rassbach
The Becket Fund for Religious Liberty
1350 Connecticut Ave NW
Ste 605
Washington , DC 20036
Email: erassbach@becketfund.org

I further certify that a copy of the foregoing Motion was mailed this 1st day of May, 2009, to the following:

Amardeep Singh Bhalla
The Sikh Coalition
40 Exhange Place

Ste. 728
New York, NY 10005

Harsimran Kaur Dang
The Sikh Coalition
39465 Paseo Padre Pkwy
Ste. 3550
Freemont, CA 94538

        /s/ Vesper Mei
VESPER MEI