## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| KAWALJEET K. TAGORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, FEDERAL PROTECTIVE | ) |
| SERVICE; U.S. DEPARTMENT OF THE | ) Case No. 4:09-CV-00027 |
| TREASURY; INTERNAL REVENUE | ) |
| SERVICE; JANET NAPOLITANO, | ) |
| Secretary of the U.S. Department of | ) |
| Homeland Security; TIMOTHY F. | ) |
| GEITHNER, Secretary of the Treasury; | ) |
| WILLIAM A. CARMODY, III; DAVID | ) |
| HIEBERT; CHRISTINA NAVARETE- | ) |
| WASSON; SERGIO ARELLANO; JAMES | ) |
| K. ELLIS; NIEVES NARVAEZ; and | ) |
| DOES 1-25, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
## UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1.   State when the conference of the parties required by Rule 26(f) was held, and identify the counsel who represented each party.

   The conference of the parties was held on May 19, 2009. Present were Eric Rassbach, Lori Windham, and Harsimran Kaur, counsel for the plaintiff, and Vesper Mei, counsel for the defendants.

2.   List the cases related to this one that are pending in any state or federal court with the case number and court.

   None.

3.   Specify the allegation of federal jurisdiction.

28 U.S.C. §§ 1331, 1343(a)(4), 2201, 2202, and 1367.

4. Name the parties who disagree and the reasons.

The parties are unaware of a disagreement at this time.

5. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

None.

6. List anticipated interventions.

None.

7. Describe class-action issues.

None.

8. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

The parties have not yet made their Rule 26(a) initial disclosures. The parties jointly propose that initial disclosures be made by 30 days after the Court decides the pending Motion to Dismiss.

9. Describe the proposed agreed discovery plan, including:

   A. Responses to all the matters raised in Rule 26(f).

      (A) Initial Disclosures – see answer to number 8, above.

      (B) Subjects on which discovery may be needed, when completed, whether conducted in phases or limited to or focused on particular issues.

Plaintiff intends to take discovery into the facts surrounding the actions alleged in the complaint, as well as the interests the government is relying on with respect to the religious accommodation at issue. Defendants intend to take discovery into the bases for plaintiff's

liability and damages claims.

The parties propose a period of ten months for discovery, commencing with disposition of Defendants' Partial Motion to Dismiss, limited to the issues that are not disposed of by Defendants' Partial Motion to Dismiss, and conducted in the following phases: 6 months for non-expert discovery, 4 months for expert discovery.

    (C)  Issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

Plaintiff anticipates producing any electronically stored information in hard copy form. Defendants anticipate producing electronically stored information in hard copy form. Because the events at issue in this case occurred in the 2005-2006 timeframe, routine document destruction policies of the Defendant agencies may affect the availability of electronically stored documents.

    (D)  Issues about claims of privilege or of protection as trial-preparation materials; whether to ask court to include in an order the parties' agreement on a procedure to assert claims after production.

Plaintiff anticipates that there may be attorney-client and work product privileged documents. Defendants anticipate there may be attorney-client and work product privileged documents, and that there may be documents subject to Privacy Act and law enforcement protections, for which a protective order may be appropriate. Defendants believe that it would be appropriate to ask the Court to include in an Order the parties' agreement on the procedure to assert claims after production.

    (E)  Changes to limitations on discovery.

The parties do not believe there should be any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's local civil rules.

(F) Other orders that the court should issue under Rule 26(c) or Rule 16(b)(and (c).

Defendants anticipate that there may be documents subject to Privacy Act and law enforcement protections, for which a protective order may be appropriate.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Plaintiff anticipates sending interrogatories to Defendants, any persons identified in the parties' initial disclosures, and additional persons identified during discovery. Plaintiff anticipates sending initial interrogatories within 30 days after the commencement of discovery.

C. When and to whom the defendant anticipates it may send interrogatories.

Defendants anticipate sending interrogatories to the plaintiff, any individuals whom she identifies in her initial disclosures, and individuals identified over the course of discovery. Defendants anticipate sending initial interrogatories within 30 days after the commencement of discovery.

D. Of Whom and by when the plaintiff anticipates taking oral depositions.

Plaintiff anticipates taking oral depositions of Defendants or in some cases Defendants' representatives, any persons identified in the parties' initial disclosures, and additional persons identified during discovery. Depositions would be completed during the non-expert discovery period.

E. Of Whom and by when the defendant anticipates taking oral depositions.

Defendants anticipate taking oral depositions of plaintiff, as well as individuals identified by her in her initial disclosures and over the course of discovery, to be completed within the non-expert discovery period.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able

to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

The parties anticipate designating experts by the end of the non-expert discovery period, with expert reports provided 30 days later, and rebuttal reports 30 days after the initial reports.

    G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiff anticipates deposing all of Defendants' experts during the expert discovery period.

    H.    List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report).

Defendants anticipate deposing all of the plaintiff's experts within the period for expert discovery.

10.    If the parties are not agreed on a part of the discovery plan, describe the separate view and proposals of each party.

See answers to individual paragraphs.

11.    Specify the discovery beyond initial disclosures that has been undertaken to date.

None.

12.    State the date the planned discovery can reasonably be completed.

Ten months after its start: six months for non-expert discovery, four months for expert discovery.

13.    Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

Plaintiff's counsel has agreed to prepare and provide to defendants' counsel correspondence and information regarding accommodations that have been made for other Sikhs,

including accommodations allowing them to carry their kirpans into secure state and federal facilities. Plaintiff intends to propose, as she has in the past, that the lawsuit could be resolved immediately if the accommodation provided to other Sikhs is also provided to Ms. Tagore. Defendants will consider this information.

14. Describe what each party has done or agreed to do to bring about a prompt resolution.

See answer to number 13, above.

15. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable.

None at this time.

16. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

The parties do not consent to a trial before a magistrate judge.

17. State whether a jury demand has been made and if it was made on time.

The parties agree that Plaintiff made a timely jury demand. Defendants reserve the right to object to the request for a jury trial once the parameters for plaintiff's claim become clearer on the record.

18. Specify the number of hours it will take to present the evidence in this case.

The parties do not yet know how many hours it will take to present the evidence in this case.

19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

Defendants' Partial Motion to Dismiss, Defendants' Motion to Suspend or Enlarge Time to Answer Plaintiff's Complaint.

20. List other motions pending.

    None.

21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

    None.

22. List the names, bar numbers, addresses, and telephone numbers of all counsel.

| | |
|---|---|
| /s/ Eric C. Rassbach | May 21, 2009 |
| Scott Newar | Date |

Texas Bar Number 14940900
700 Louisiana, Suite 2550
Houston, Texas 77002-2728
Telephone: (713) 226-7950

The Becket Fund for Religious Liberty
Eric C. Rassbach
Texas Bar Number 24013375
Lori Windham
Virginia Bar Number 71050
1350 Connecticut Ave., NW
Suite 605
Washington, DC 20036
Telephone: (202) 349-7214

The Sikh Coalition
Harsimran Kaur
District of Columbia Bar Number 493428
39465 Paseo Padre Pardway, Ste. 3550
Fremont, CA 94538
Telephone: (510) 659-0900, ext. 92

The Sikh Coalition
Amardeep Singh Bhalla
New York Bar Number AB4371
40 Exchange Pl., Ste. 728
New York, NY 10005
Telephone: (212) 655-3095, ext. 83

Counsel for Plaintiff

|    /s/ Vesper Mei                |    May 21, 2009            |

Vesper Mei                                                                                                  Date
D.C. Bar Number 455778
United States Department of Justice
Civil Division
Federal Programs Branch
P.O. Box 883 – Rm 7316
Washington, DC 20044
Telephone: (202) 514-4686

Counsel for Defendants

# **CERTIFICATE OF SERVICE**

I, Vesper Mei, an attorney, hereby certify that on May 21, 2009, I electronically transmitted the foregoing Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure to the Clerk's Office using the ECF System for filing and transmittal of a Notice of Electronic filing and to the following ECF registrants:

Scott David Newar
Attorney at Law
700 Louisiana
25th Fl
Houston , TX 77002
Email: newar@newarlaw.com

Eric Christopher Rassbach
The Becket Fund for Religious Liberty
1350 Connecticut Ave NW
Ste 605
Washington , DC 20036
Email: erassbach@becketfund.org

I further certify that a copy of the foregoing Joint Discovery/Case Management Plan was electronically transmitted this 21st day of May, 2009, to the following:

Harsimran Kaur Dang
The Sikh Coalition
39465 Paseo Padre Pkwy
Ste. 3550
Freemont , CA 94538
Email: harsimran@sikhcoalition.org

and sent by first-class mail to:

Amardeep Singh Bhalla
The Sikh Coalition
40 Exhange Place
Ste. 728
New York , NY 10005

                                               /s/ Vesper Mei
                                               VESPER MEI