# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| KAWALJEET K. TAGORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES OF AMERICA, | ) |
| U.S. DEPARTMENT OF HOMELAND | ) |
| SECURITY, FEDERAL PROTECTIVE | ) |
| SERVICE; U.S. DEPARTMENT OF THE | ) Case No. 4:09-CV-00027 |
| TREASURY; INTERNAL REVENUE | ) |
| SERVICE; JANET NAPOLITANO, | ) |
| Secretary of the U.S. Department of | ) |
| Homeland Security; TIMOTHY F. | ) |
| GEITHNER, Secretary of the Treasury; | ) |
| WILLIAM A. CARMODY, III; DAVID | ) |
| HIEBERT; CHRISTINA NAVARETE- | ) |
| WASSON; SERGIO ARELLANO; JAMES | ) |
| K. ELLIS; NIEVES NARVAEZ; and | ) |
| DOES 1-25, | ) |
| | ) |
| Defendants. | ) |

## **ANSWER**

Defendants United States Department of Homeland Security; Federal Protective Service; Janet Napolitano, Secretary of the U.S. Department of Homeland Security; William A. Carmody, III; David Hiebert; and Timothy F. Geithner, Secretary of the Treasury (collectively, "Defendants");[1] by their undersigned attorneys, hereby answer plaintiff's complaint as follows:

---

[1] The United States, United States Department of the Treasury, Internal Revenue Service, Christina Navarette-Wasson, Sergio Arellano, James K. Ellis, and Nieves Narvaez were dismissed from this lawsuit pursuant to this Court's August 21, 2009 Memorandum Opinion and Order. See Mem. Op. and Order (Docket No. 26), at 23. The defendants John Does 1-25 have not been served with the Second Amended Complaint, and are not represented by Defendants' counsel. The defendants remaining in this lawsuit are sued in their official capacities only. Docket No. 26 at 22-23.

## FIRST DEFENSE

Plaintiff's claims are barred in whole or in part because this Court lacks subject matter jurisdiction.

## SECOND DEFENSE

Plaintiff has failed to state a claim on which relief can be granted.

## THIRD DEFENSE

This Court lacks jurisdiction in whole or in part over the plaintiff's claims because of her failure to exhaust available administrative remedies for some or all of her claims.

## FOURTH DEFENSE

Plaintiff's claims are barred in whole or in part because of her failure to bring this action within the applicable statutes of limitation.

## FIFTH DEFENSE

The Defendants answer the numbered paragraphs of the Complaint as follows:

1. Paragraph 1 of the complaint contains plaintiff's characterizations of this lawsuit, to which no response is required. To the extent a response is required, deny.

2. Paragraph 2 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

3. Paragraph 3 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

4. Paragraph 4 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny, except to admit that some of the events at issue in the Complaint are alleged to have occurred in Houston, Texas.

5. Paragraph 5 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny, except:

(A) Admit.

(B) Admit.

(C) The defendants are without knowledge or information sufficient to form a belief as to when plaintiff received the notice of final action.

6. Paragraph 6 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

7. Defendants are without knowledge or information sufficient to form a belief as to first three sentences, except to admit that plaintiff was naturalized as a United States citizen on May, 1, 1996. Admit last sentence.

8. Admit.

9. Deny, except to admit that the Federal Protective Service ("FPS") was transferred into the U.S. Immigration and Customs Enforcement ("ICE"), U.S. Department of Homeland Security ("DHS") on March 9, 2003. Prior to this date, FPS was a component of the General Services Administration ("GSA").

10. Deny, except to admit that DHS maintains a district office in Houston, Texas.

11. Admit.

12. Admit.

13. Deny, except to admit that the IRS maintains offices in Houston, Texas.

14. Deny, except to admit that Janet Napolitano is Secretary of the U.S. Department of Homeland Security, and plaintiff purports to sue her in her official capacity only.

15. Deny, except to admit that Timothy F. Geithner is Secretary of the U.S. Department of Treasury, and plaintiff purports to sue him in his official capacity only.

16. Defendants are unable to respond to this paragraph due to the vagueness of the phrase "at all relevant times herein," and are thus without knowledge or information sufficient to admit or deny the allegations of paragraph 16, except to deny that William A. Carmody, III is properly named as a defendant in his individual capacity, see Docket No. 26 at 22-23, and to admit that Mr. Carmody was a District Commander for DHS.

17. Defendants are unable to respond to this paragraph due to the vagueness of the phrase "at all relevant times herein," and are thus without knowledge or information sufficient to admit or deny the allegations of paragraph 17, except to deny that David Hiebert is properly named as a defendant in his individual capacity, see Docket No. 26 at 22-23, and to admit that Mr. Hiebert was an Area Commander for DHS.

18. Defendants are unable to respond to this paragraph due to the vagueness of the phrase "at all relevant times herein," and are thus without knowledge or information sufficient to admit or deny the allegations of paragraph 18, except to deny that Christina Navarette-Wasson is a defendant in this lawsuit, see Docket No. 26 at 22-23, and to admit that Ms. Navarette-Wasson was the Equal Employment Opportunity ("EEO") Director for the Large Mid-Sized Business unit of the IRS.

19. Defendants are unable to respond to this paragraph due to the vagueness of the phrase "at all relevant times herein," and are thus without knowledge or information sufficient to admit or deny the allegations of paragraph 19, except to deny that Sergio Arellano is a defendant in this lawsuit, see Docket No. 26 at 22-23, and to admit that Mr. Arellano was the Director of

Field Operations East, Natural Resources and Construction, Large Mid-Sized Business unit of the IRS.

20. Defendants are unable to respond to this paragraph due to the vagueness of the phrase "at all relevant times herein," and are thus without knowledge or information sufficient to admit or deny the allegations of paragraph 20, except to deny that James K. Ellis is a defendant in this lawsuit, see Docket No. 26 at 22-23, and to admit that Mr. Ellis was a Program Manager, Natural Resources and Construction, Large Mid-Sized Business unit of the IRS.

21. Defendants are unable to respond to this paragraph due to the vagueness of the phrase "at all relevant times herein," and are thus without knowledge or information sufficient to admit or deny the allegations of paragraph 21, except to deny that Nieves Narvaez is a defendant in this lawsuit, see Docket No. 26 at 22-23, and to admit that Mr. Narvaez was a Supervisory Internal Revenue Agent, Natural Resources and Construction, Large Mid-Sized Business unit of the IRS.

22. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 22 except to deny that any of the defendants are properly named in their individual capacities.

23. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 23, except to admit that Tagore was naturalized as a United States citizen on May, 1, 1996.

24. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 24.

25. Admit.

26. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 26.

27. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 27.

28. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 28.

29. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 29.

30. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 30.

31. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 31, including the bulleted subparagraphs, except to admit that the Federal Protective Service has allowed armed contract security guards to discreetly wear religious icons.

32. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 32.

33. Deny, except to admit that after the plaintiff stated that she took Amrit, she had a discussion with her supervisor at the IRS, Nieves Narvaez, in which she described the significance of the kirpan.

34. Deny, except to admit that Mr. Narvaez received information about the kirpan from the plaintiff sometime in the spring of 2005 after she stated that she had taken Amrit.

35. Defendants are without knowledge or information sufficient to admit or deny the

allegations of paragraph 35, except to admit that some time after the plaintiff stated that she took Amrit, plaintiff informed Mr. Narvaez that she was wearing a kirpan with a three-inch blade.

36. Deny first sentence, except to admit that the Department of Treasury received a letter addressed to Nieves Narvaez dated April 19, 2005. The remainder of the first sentence contains plaintiff's characterization of that letter, to which no response is required. To the extent that a response is required, defendants deny the allegations on the ground that the letter speaks for itself and respectfully refer the Court to the letter for a complete and accurate statement of its contents. Deny second sentence, except to admit that plaintiff was directed to work from home while receiving full pay while the Agency researched its legal obligations and consulted with the Department of Homeland Security in order to determine how to accommodate her.

37. Paragraph 37 of the complaint states legal conclusions to which no response is required; to the extent a response is required, deny.

38. Paragraph 38 of the complaint states legal conclusions to which no response is required; to the extent a response is required, deny.

39. Deny, except to admit that FPS is responsible for enforcing all public and regulatory law pertaining to the safety and security of Federal buildings and their occupants, as well as for enforcing administrative policy regarding items that are prohibited from entering particular Federal facilities.

40. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 40, except to admit that plaintiff's supervisor recalls that plaintiff told him that she had difficulty passing through security in April 2005.

41. Deny, except to admit that employees used scissors and letter openers to perform

various job responsibilities in the Leland building.

42. Defendants are without knowledge or information sufficient to admit or deny the allegations of the first sentence of paragraph 42, except to admit that the IRS provided a pair of scissors and a letter opener to the plaintiff. Defendants are unable to respond to the second sentence in this paragraph due to the vagueness of the term "knowingly," and are thus without knowledge or information sufficient to admit or deny the allegations of this sentence; to the extent a response is required, deny.

43. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 43.

44. Defendants are without knowledge or information sufficient to admit or deny the allegations of paragraph 44.

45. Deny, except to admit that FPS inspects all objects and items that are brought into the Leland Building through the security inspection checkpoint and allows or disallows the entry of such objects and items in accordance with 18 U.S.C. § 930, FPS Directive 07-002 *Facility Entry Control*, and building-specific post duty orders.

46. Deny, except to admit that FPS allows credentialed, armed law enforcement officers and agents to bypass the security inspection checkpoint at the Leland Building in accordance with 18 U.S.C. § 930, FPS Directive 07-002 *Facility Entry Control*, and building-specific post duty orders.

47. Deny.

48. Defendants are unable to respond to this paragraph due to the vagueness of the term "removed," and are thus without knowledge or information sufficient to admit or deny the

allegations of paragraph 48; to the extent a response is required, deny.

49. Deny, and aver that flexiplace is not leave; when plaintiff was on flexiplace she worked from home with full salary.

50. Defendants are unable to respond to this paragraph due to the vagueness of the term "knowingly," and are thus without knowledge or information sufficient to admit or deny the allegations of paragraph 50; to the extent a response is required, deny.

51. Deny, except to admit that the plaintiff worked at home on flexiplace from April 2005 through January 30, 2006.

52. Admit first sentence. Deny second sentence, except to admit that FPS would not allow plaintiff in the Leland Building with a kirpan that had a blade longer than 2.5 inches.

53. Deny first and second sentences, except to admit that the IRS offered plaintiff a number of accommodations. Admit third sentence.

54. Deny, except to admit that Sergio E. Arellano sent plaintiff a letter dated January 20, 2006. The remainder of the paragraph contains plaintiff's characterization of that letter, to which no response is required. To the extent that a response is required, defendants deny the allegations on the ground that the letter speaks for itself and respectfully refers the Court to the letter for a complete and accurate statement of its contents.

55. Deny, except to admit that on January 30, 2006, plaintiff reported to work and stated that she was wearing her unmodified kirpan with a three-inch blade, and that building security did not allow her to enter the building with the kirpan. FPS is otherwise without knowledge or information sufficient to admit or deny the third sentence.

56. Deny, except to admit that after the plaintiff reported to work on January 30,

2006, and stated to Nieves Narvaez that she was wearing her unmodified kirpan with a three-inch blade, she was placed in the status of absent without leave because she could not perform the essential functions of her job from home and refused to modify her kirpan so that she could enter the federal building.

57. Deny the first sentence. Defendants are without knowledge or information sufficient to admit or deny second sentence. Deny third sentence, except to admit that when plaintiff told IRS management that she was wearing her kirpan, they sent her home.

58. Admit.

59. Deny, except to admit that plaintiff was terminated effective July 21, 2006.

60. Defendants are without knowledge or information sufficient to admit or deny that no FPS or IRS employee ever inspected plaintiff's kirpan to determine whether she could bring it into the building.

## COUNT ONE

**(Violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq.*)**

**(Against the Federal Protective Service)**[2]

61. Defendants adopt and incorporate their answers from the preceding paragraphs as if fully set forth herein.

62. Paragraph 62 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

63. Paragraph 63 of the complaint states legal conclusions, to which no response is

---

[2] The IRS and the Department of Treasury defendants were dismissed from this count on August 21, 2009.

required. To the extent a response is required, deny.

64. Paragraph 64 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

65. Paragraph 65 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

66. Paragraph 66 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

## COUNT TWO

**(Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*)**

**(Against Defendant Timothy F. Geithner)**

67. Defendants adopt and incorporate their answers from the preceding paragraphs as if fully set forth herein.

68. Paragraph 68 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

69. Paragraph 69 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

70. Paragraph 70 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

71. Paragraph 71 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

72. Paragraph 72 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

73. Paragraph 73 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

74. Paragraph 74 of the complaint states legal conclusions, to which no response is required. To the extent a response is required, deny.

The remaining portions of the Complaint contain plaintiff's prayer for relief, not allegations of fact, and thus no response is required; to the extent a response is required, deny that plaintiff is entitled to the requested relief or to any relief at all. Except to the extent expressly admitted or qualified above, Defendants deny each and every allegation in the Complaint.

Defendants respectfully request the Court to enter judgment affirming the validity of the challenged agency actions, dismissing the Complaint and action with prejudice, and awarding Defendants costs and such other relief as the Court may deem appropriate.

DATED: September 3, 2009

Respectfully submitted,

MICHAEL F. HERTZ
Acting Assistant Attorney General

TIM JOHNSON
Acting United States Attorney

STUART A. LICHT
Assistant Branch Director

 /s/ Vesper Mei
VESPER MEI (DC Bar 455778)
Senior Counsel
United States Department of Justice

Civil Division
Federal Programs Branch
P.O. Box 883 – Rm 7316
Washington, DC 20044
Telephone: (202) 514-4686
Facsimile: (202) 616-8470
vesper.mei@usdoj.gov

Attorneys for Federal Defendants

# CERTIFICATE OF SERVICE

I, Vesper Mei, an attorney, hereby certify that on September 3, 2009, I electronically transmitted the foregoing Answer using the ECF System for filing and transmittal of a Notice of Electronic filing and to the following ECF registrants:

Scott David Newar
Attorney at Law
700 Louisiana
25th Fl
Houston , TX 77002
Email: newar@newarlaw.com

Eric Christopher Rassbach
The Becket Fund for Religious Liberty
1350 Connecticut Ave NW
Ste 605
Washington , DC 20036
Email: erassbach@becketfund.org

I further certify that a copy of the foregoing Answer was emailed this 3rd day of September 2009, to the following:

Amardeep Singh Bhalla
The Sikh Coalition
40 Exchange Place
Ste. 728
New York , NY 10005
Email: amar@sikhcoalition.org

Harsimran Kaur Dang
The Sikh Coalition
39465 Paseo Padre Pkwy
Ste. 3550
Freemont , CA 94538
Email: harsimran@sikhcoalition.org

        /s/ Vesper Mei
        VESPER MEI